IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MANDY JERNIGAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV803 |
| | § | |
| CITY OF PARKER, TEXAS | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant City of Parker's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 14). As set forth below, the Court finds that the motion should be GRANTED.

In this suit, Plaintiff Mandy R. Jernigan alleges that she was subjected to an unreasonable search and seizure of her person, false imprisonment, and excessive force by the City of Parker Police Department when she was temporarily detained for an involuntary mental health commitment in December of 2012. Plaintiff's amended complaint brings a claim under 42 U.S.C. § 1983 against the City asserting that the City's Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of City residents.[1] Plaintiff further

---

[1] Plaintiff's original complaint also named Officer Greg Wells and Police Chief Tony Fragoso as Defendants (*see* Dkt. 1 at 2-3), but neither Wells nor Fragoso are separately named as Defendants in the live complaint. *See* Dkt. 10 at ¶¶5-6 ("Parties"). Based on Plaintiff's voluntary amendment of her pleadings, Wells and Fragoso (incorrectly named as Tony Fregoso in the original complaint) are no longer parties and should thus be terminated on the docket sheet in this matter.

argues that the City's Police Department had a policy and/or custom of inadequate supervision and training of its police officers.

In its motion to dismiss, Defendant the City of Parker argues that Plaintiff's claims should be dismissed because Plaintiff fails to allege sufficient facts to state a facially plausible claim for municipal liability under Section 1983. Plaintiff has filed a response in opposition.

**STANDARD**

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

*Policy or Custom*

In its motion, Defendant argues that Plaintiff has failed to allege sufficient facts regarding its policies or customs to state a plausible claims for municipal liability under Section 1983. In her amended complaint, Plaintiff claims that "[p]rior to December 15, 2012, the Parker Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Parker, which facts caused the violation of the Plaintiff's rights." Dkt. 10 at ¶51. Defendant argues this is nothing more than a formulaic recitation of the elements of a municipal liability claim.

The Fifth Circuit has explained liability for government agencies as follows:

Municipal policy for purposes of section 1983 liability may consist of

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's

> lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (internal citations and quotations omitted).

Defendant argues that Plaintiff does not identify a policy that directly caused any alleged violation of her constitutional rights. The Court agrees that no policy has been identified.

Indeed, there is no question that Plaintiff here alleges that it was the *lack of a written policy* addressing the detention of the mentally impaired that led to the violation of her constitutional rights. Plaintiff attaches to her amended complaint the City of Parker Police Department's Policies and Procedures that were in effect on the date of her detention and alleges that "[n]othing therein includes any mention of any policy or procedure related to or training for the detention of the potentially mentally impaired." Dkt. 10 at ¶ 43. In response to the motion to dismiss, Plaintiff argues that, without a specific written policy regarding the detention of the mentally impaired, it was thus "the policy of the City of Parker Police Department to treat encounters with all citizens the same, regardless of mental capacity, and to detain people who are mentally impaired but not necessarily demonstrating that they are an imminent threat of harm to themselves or others."

Dkt. 20 at 8.

Plaintiff has cited to no authority to show that the lack of a written policy is sufficient to state a claim under the first prong of municipal liability. And, as argued by Defendant, Plaintiff has failed to state facts to show *how* the alleged lack of policy - or, as Plaintiff characterizes it, the policy to treat encounters with all citizens the same, regardless of mental capacity - *caused* the alleged deprivation of her constitutional rights. For there to be municipal liability, "there must be a direct causal link between the municipal policy and the constitutional deprivation." *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001).

Further, the Court notes that the Policies and Procedures attached to Plaintiff's complaint *do* address arrests, searches, the use of force, and the use of handcuffs. *See* Dkt. 10-5. Plaintiff has stated no facts to show how such policies failed to adequately address concerns for the mentally ill or how such policies led to the alleged violation of her constitutional rights.

The Court notes that Plaintiff alleges that, after her detention, Police Chief Rushing admitted "that everything in the police department needed updating including the policies and training" and eventually issued a directive to all police personnel regarding the detention of the mentally impaired, demonstrating "the objective obviousness of the likelihood that the police would encounter and potentially detain mentally impaired individuals." Dkt. 10 at ¶¶ 45, 48; Dkt. 10-8. This also does not state how the policies in existence at the time of her detention caused the alleged constitutional violation and is of no relevance to the Court's inquiry. Without any facts alleging a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the City of Parker

5

and without facts stating how the lack of written policy specifically addressing the mentally impaired was the "'moving force' behind the violation," no claim has been stated under the first prong. *Piotrowski*, 237 F.3d at 580.

As to the second prong of municipal liability, Plaintiff's amended complaint fails to state any facts alleging a persistent or widespread practice or custom of the Parker Police Department regarding the detention of the mentally impaired. Plaintiff has merely alleged that "the Parker Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Parker" and that "[t]he polices and customs demonstrate a deliberate indifference on the part of the City of Parker to the constitutional rights of persons within the City of Parker and were the cause of the violations of the Plaintiff's rights alleged herein." Dkt. 10 at ¶¶51, 53.[2] This does not go beyond mere labels and conclusions and is insufficient to state a claim of municipal liability based on a widespread custom.

In response to the motion to dismiss, Plaintiff argues that her amended complaint "sufficiently alleges that it was the custom of the City of Parker Police Department to handle calls and encounters involving mentally impaired people and when they should detain them in the same manner as any other encounter with the general public." Dkt. 20 at ¶13. The Court disagrees that the amended complaint states facts that would show "pattern of abuses that transcends the error made in a single case" required for a claim of municipal liability, and, even if it did, the Court again notes

---

[2]As to Plaintiff's specific allegation that "[i]t was the policy and/or custom of the Parker Police Department to inadequately supervise and train its police officers, including Defendant Wells ..." Dkt. 10 at ¶52, the Court finds that such goes to Plaintiff's failure to train claim, addressed below.

that such facts do not state how such a custom caused the deprivation of Plaintiff's constitutional rights. *Piotrowski*, 237 F.3d at 582.

As to Plaintiff's argument that she should "be afforded an opportunity to attempt to forensically retrieve such information to further demonstrate, the policy, customs and other violation of constitutional rights that have occurred within the City of Parker police department," Dkt. 20 at ¶17, such is not required to state a claim.[3] To survive a Rule 12(b)(6), she is only required to state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). She simply has not done so as to facts alleging a custom or pattern of abuses by the City of Parker Police Department.

Plaintiff also has not alleged any facts that would show actual or constructive knowledge of the police department, or a policymaker within the department, about officers' conduct in detaining those with suspected mental illness. Plaintiff's amended complaint states that "these constitutional violations were committed as a result of the policies and customs implemented by Police Chief Tony Fragoso and the City of Parker, as well as the failure to properly train the police officers." Dkt. 10 at ¶2. While "[a] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity," *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (quoting *Brown v. Bryan County, Oklahoma,* 67 F.3d 1174, 1183 (5th Cir.1995)), Plaintiff has failed

---

[3]The Court does note, however, that prior to filing suit, Plaintiff was required to make a reasonable inquiry and state factual contentions that have evidentiary support or will likely have evidentiary support. FED. R. CIV. P. 11(b)(3).

to allege any facts regarding any decisions by a final policymaker. Plaintiff's allegations regarding Chief Fragoso's (and his successor Chief Rushing's) actions after her detention, including hiring a consultant and issuing a new directive regarding the detention of those with mental impairments, are not sufficient to state any claim as to Plaintiff's detention. Even taking all of Plaintiff's allegations as true, they are not enough to state a widespread practice sufficient to state municipal liability. *See, e.g., Daniel v. Compass,* 212 Fed. App'x 262, 2006 WL 3627141 (5th Cir. 2006) (holding that neither city nor police officers in their official capacity were liable for allegedly improper arrest warrant under § 1983, given evidence that arrest warrant resulted from the individual actions of one police officer instead of a consistent policy or practice of the municipality). That claim should be dismissed.

*Failure to Train*

The Court next turns to Plaintiff's allegations regarding Defendant's failure to train its officers. Plaintiff asserts that "[i]t was the policy and/or custom of the Parker Police Department to inadequately…train its police officers, including Defendant Wells, thereby failing to adequately discourage further constitutional violations on the part of its police officers," and that "[t]he policies and customs demonstrate a deliberate indifference on the part of the City of Parker to the constitutional rights of persons within the City of Parker and were the cause of the violations of Plaintiff's rights." Dkt. 10 ¶¶ 52-53. Defendant argues that Plaintiff does not allege sufficient facts to state a plausible claim of municipal liability for failure to train.

"[I]t is well established that a municipality's policy of failure to train its personnel can give rise to liability under 42 U.S.C. § 1983." *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 484 (5th Cir. 2014) (internal citations omitted). To succeed on a claim arising from a municipality's failure to adopt an adequate training policy, "a plaintiff must demonstrate that: (1) [the municipality's] training policy procedures were inadequate, (2) [the municipality] was deliberately indifferent in adopting its training policy, and (3) the inadequate training policy directly caused [the constitutional violation]." *Id.* (internal citations omitted).

As to the first element, the Court finds that, taking all allegations as true and viewing them in a light most favorable to Plaintiff, Plaintiff has pleaded sufficient facts alleging the inadequacy of the police department's policies regarding the detention of the mentally impaired. *See, e.g.*, Dkt. 10 at ¶49a-h (listing actions that would have been taken with purportedly adequate training and policies).[4] However, the inquiry does not end there.

Even assuming the policies were found to be inadequate, however, as noted above, Plaintiff has not stated any facts which, even if taken as true, would show that the lack of policies regarding the detention of the mentally impaired directly *caused* the alleged constitutional violations. Plaintiff's allegations regarding causation are conclusory and do not "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. For this reason, her failure to train claim fails.

---

[4]The Court is cautious to note, however, that it makes no findings herein that the policies or training at the time of Plaintiff's detention were, in fact, inadequate. The Court merely finds that Plaintiff has stated enough facts to allege inadequacy sufficient to survive dismissal on that element.

Moreover, Plaintiff has failed to allege any facts that would show the deliberate indifference necessary to support any claim based on inadequate training. *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) ("Proof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation.") (internal quotations omitted). Specifically, Plaintiff has not stated any facts that the City of Parker or its police department "had notice of a pattern of similar violations, which were fairly similar to what ultimately transpired when the plaintiffs own constitutional rights were violated" nor has Plaintiff stated any facts to support the narrow single-incident exception "where a constitutional violation would result as the highly predictable consequence of a particular failure to train." *Kitchen*, 759 F.3d at 484 (internal citations and alterations omitted).

As to deliberate indifference, Plaintiff's allegations include:

- "The City of Parker acted deliberately indifferent to the obvious need for training their police officers in how to deal with and detain the mentally impaired. This deliberate indifference is evidenced by the lack of any reference in their policies and procedure manual. The City's deliberate indifference was the moving force behind Officer Wells' warrantless entry into the Plaintiff's home and his unlawful seizure and detention of Plaintiff's person." Dkt. 10 at ¶ 46.

- "The polices and customs demonstrate a deliberate indifference on the part of the City of Parker to the constitutional rights of persons within the City of Parker and were the cause of the violations of the Plaintiff's rights alleged herein." Dkt. 10 at ¶ 53.

The Court finds that Plaintiff's allegations as to deliberate indifference do not go beyond conclusory allegations, and Plaintiff has not stated how the issuance - *after her detention* - of a

directive regarding the detention of those who are mentally impaired would have put the City on notice. At the very least, Plaintiff must state facts to show other constitutional violations that were "fairly similar to what ultimately transpired" *Sanders-Burns v. City of Plano,* 594 F.3d 366, 381 (5th Cir. 2010) (internal citations omitted). And without allegations regarding other incidents involving the detention of those with suspected mental illness, Plaintiff has not stated any facts to show a "pattern of constitutional violations bearing sufficient resemblance to the events surrounding" her detention. *Kitchen*, 759 F.3d at 484 (finding that a plaintiff's reliance on a report regarding jail conditions did not indicate that the jail did not "appropriately assess and treat inmates with mental illnesses" sufficient to show pattern of constitutional violations because none of the instances cited in the report involved the extraction of mentally ill prisoners from jail cells or even detention officers' use of force in general).

As to the single-incident exception, "showing merely that additional training would have been helpful in making difficult decisions does not establish municipal liability." *Id.* at 485 (*citing Connick v. Thompson*, _U.S. _, 131 S. Ct. 1350, 1363, 179 L. Ed.2d 417 (2011)). The risk must be "so predictable that failing to train the [municipal personnel] amounted to conscious disregard" for Plaintiff's rights. *Connick*, 131 S. Ct. at 1365. *See also Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) ("A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights.") (*citing Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992)).

Plaintiff has not stated any facts to show that the detention process for those who are suspected of mental illness requires any specialized training or should be any different than the use of force with any detainee. And, Plaintiff has not stated any facts to show "patently obvious" risks of "recurring constitutional violations" that may occur without a directive specific to those with suspected mental illness. *Kitchen*, 759 F.3d at 484 (*citing Canton, Ohio v. Harris*, 489 U.S. 378, 390, 109 S. Ct. 1197, 103 L. Ed.2d 412 (1989) and *Connick*, 131 S.Ct. at 1361–63). Her claims based on the City's failure to train should therefore be dismissed.

### *Failure to Supervise*

In her amended complaint, Plaintiff alleges that "[i]t was the policy and/or custom of the Parker Police Department to inadequately supervise ... its police officers ... thereby failing to adequately discourage further constitutional violations on the part of its police officers." Dkt. 10 at ¶52. In its motion, Defendant argues that Plaintiff has not sufficiently alleged a claim of failure to supervise.

In making a claim of municipal liability for failure to supervise, a plaintiff must state facts showing "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal citations and quotations omitted). As with any failure to train claim, liability for failure to supervise thus requires that the defendant have acted with deliberate indifference.

As noted in Defendant's reply briefing, Plaintiff has failed to respond to Defendant's argument that Plaintiff has not sufficiently stated this claim, and, to the extent not already waived, the Court finds that Plaintiff has failed to state a failure to supervise. As discussed above, insufficient facts are stated to show deliberate indifference and the other elements required of the claim. This claim should be dismissed.

Finally, the Court notes that Plaintiff has not shown how, if granted leave to amend, she could cure the deficiencies in her allegations. Plaintiff has already once amended her complaint, and without specific argument from Plaintiff to the contrary, the Court finds that any future amendment would be futile to the arguments raised by Defendant herein.

## RECOMMENDATION

Defendant City of Parker's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 14) should be GRANTED and Plaintiff's claims against the City of Parker should be dismissed with prejudice for failure to state a claim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted

by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of August, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE